FRANCISCA MENDEZ DE ALEMAN V. THE STATE.

No. 10145.    Delivered May 5, 1926.

Vagrancy—New Trial—Properly Refused.

Where, after a plea of guilty on a motion for a new trial, appellant avers that she did not understand the interpreter and did not intend to plead guilty, her testimony being contradicted on the hearing of the motion by the interpreter and other witnesses and presenting a controverted issue, its decision by the trial court is binding on her, and the judgment is affirmed.

Appeal from the County Court of Howard County.   Tried below before the Hon. H. R. Debenport, Judge.

Appeal from a conviction of vagrancy, penalty a fine of $200.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson, State's* Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is vagrancy, punishment fixed at a fine of $200.00.

The record shows that a plea of guilty was entered.

A new trial was sought upon the ground that the appellant was unfamiliar with the English language and with no intention to plead guilty to the offense charged, was misled by the interpreter who acted in the proceeding.

Appellant testified that she was over-reached and misled by the interpreter; that he did not relate to her the substance of the complaint but asked her only if the coat of Gomez was in her house.   That she admitted and no more.   This was controverted by Costillo, who acted as interpreter, and he was corroborated by other witnesses who gave testimony.   This being the only question upon which the right to a new trial could be predicated under the present record and being a controverted question, its decision by the trial court is binding here.

Upon the record before us, this court is not warranted in reversing the judgment.   It is therefore affirmed.

*Affirmed.*